UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-7-HRW

TAMMY R. DeBOARD,                                               PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on March 18, 2002 (Tr. 12), alleging disability beginning on June 15, 2001, due to knee pain, liver damage, and depression (Tr. 15). The application was denied initially and on reconsideration (Tr. 12). On February 28, 2003, and

March 18, 2002, Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ") held administrative hearings (Tr. 12). At the hearing, claimant, accompanied by counsel, testified, as did Joe Woolwine, a vocational expert (hereinafter "VE") (Tr. 12).

Plaintiff was thirty-eight years old at the time of the hearing decision (Tr. 16). She has a high school education but required special education classes and is considered to have a limited education (Tr. 16). Her past relevant work experience consists of work in telecommunications and as a maid and restaurant cook (Tr. 44).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 26, 2004, the ALJ issued his unfavorable decision finding that Plaintiff was not disabled (Tr. 18). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 15, 2001, the alleged onset date of disability (Tr. 14). The ALJ then determined, at Step 2, that Plaintiff suffers from Hepatitis C, depression, and a knee impairment, all conditions which he found to be "severe" within the meaning of the Regulations (Tr. 13). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 (Tr. 13). The ALJ determined at Step 4 that Plaintiff could not perform any of her past relevant work during the period at issue (Tr. 17). However, the ALJ concluded, at Step 5, that Plaintiff retained the residual functional capacity, reduced by certain exertional and non-exertional limitations, to perform a significant range of light work and sedentary work, as identified by the VE and within the framework of the Medical-Vocational Guidelines (Tr. 16). Accordingly, the ALJ found that Plaintiff was not disabled at Step 5 of the

sequential evaluation process (Tr. 17).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 12, 2004 (Tr. 4). Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 13 and 16], and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ failed to consider additional medical records in determining Plaintiff's Global Assessment Functioning (GAF) and did not allow her attorney to question Dr. Stuart Cooke, the psychological consultative examiner, regarding Plaintiff's GAF score from Pathways Inc.

### C. Analysis of Contentions on Appeal

The ALJ determined that Plaintiff was not disabled at step 3 of five-step sequential evaluation process because she did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. In doing so, the ALJ specifically considered, *inter alia*, listing 12.04, governing depression.[1]

The qualifying criteria for the listed impairment for depression is found at

---

[1] The ALJ also found that Plaintiff did not meet step 5 of the five-part test. Plaintiff does not contest this finding, but instead relies solely upon her argument that she is presumptively disabled under step 3 since she equals the requirements for Listing 12.04.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04. To meet the requirements of this section, a claimant must show that she suffers from at least four of the listed symptoms of depressive syndrome, which result in at least two of the following: 1. Marked restriction of activities of daily living; 2. Marked difficulties in maintaining social functioning; 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration. See, 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(A)(1), 12.04(B) (2004). A claimant may also meet the requirements of this section if she has a medically documented history of a chronic affective disorder of at least two years' duration that has caused more than minimal limitation of ability to do basic work activities. See, C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(C) (2004).

The ALJ determined that while Plaintiff exhibited some of the features of the "A" criteria of the listing, Plaintiff did not satisfy the relevant "B" criteria, governing "social functioning," because none of the functional limitations categories were manifested to a degree required to satisfy the full requirements of listing 12.04. In making this determination, the ALJ adopted the opinion of Dr. Cooke that Plaintiff was only moderately limited in the area of "social functioning." The ALJ further found that Plaintiff did not satisfy the "C" criteria

-6-

because there was no such documentation in the record.

Plaintiff's sole claim of error is that, in determining that Plaintiff did not meet listing 12.04, the ALJ failed to consider additional medical records in assessing Plaintiff's GAF score and did not allow her attorney to question Dr. Cooke about Plaintiff's GAF score from Pathways Inc., which found Plaintiff to be more than limited than opined by Dr. Cooke (Plaintiff's Motion, p. 2). Specifically, Dr. Cooke assessed Plaintiff with a GAF score of 55, indicating moderate symptoms and moderate difficulty in social, occupation or school functioning. *See*, American Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders* 34 (4th ed. 2000) (DSM-IV). Pathways Inc. assessed Plaintiff as having a GAF score of 50, indicating serious symptoms and serious impairment in social, occupation or school functioning. *See*, American Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders* 34 (4th ed. 2000) (DSM-IV). Plaintiff asked the ALJ to submit additional medical records to Dr. Cooke, for his review and to comment on whether he agreed with Pathways Inc. GAF score, five months after Dr. Cooke's consultative examination.

Upon review of the record, the Court finds Plaintiff's argument that the ALJ erred in finding that her depression did not meet or equal a listed impairment to be without merit. The Sixth Circuit has held that the Plaintiff "bears the burden of

proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). "The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

The Court finds that Plaintiff fails to show how she meets or equals the requirements of listing 12.04, or how remanding the case for Dr. Cooke's opinion regarding the Pathways' GAF score is likely to alter the ALJ's decision or change the administrative outcome of the case. *See, Ward v. Commissioner of Social Security*, 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise"); *Graham v. Apfel*, 129 F.3d 1420,

-8-

1423 (11th Cir. 1997) (a remand is unnecessary unless the record reveals evidentiary gaps that result in unfairness or clear prejudice); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principal of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). A single GAF score is not likely to change the ALJ's decision when the ALJ has already provided other reasons for finding that Plaintiff was not disabled (Tr. 12-18). Further, as correctly noted by the Defendant, remanding the case for Dr. Cooke's opinion about whether he agreed with Pathway's GAF score would prove unavailing, as Dr. Cooke's disagreement is self-evident.

Notwithstanding the foregoing, the Court finds that Dr. Cooke's opinion is irrelevant because the Social Security Administration does not rely on GAF scores. The Commissioner has specifically declined to endorse the GAF scale for "use in the Social Security and Supplemental Security Income disability programs," and has indicated that GAF scores have no "direct correlation to the severity requirement of the mental disorders listings." *Wind v. Barnhart*, No. 04-16371, 2005 WL 1317040, at * 6 n. 5, (11th Cir. June 2, 2005) (per curiam) (quoting 50,746, 50,764-65) (Aug. 21, 2000). Thus, Plaintiff's reliance on the GAF score from Pathways Inc. is unavailing.

Equally unavailing is Plaintiff's argument that the case should be remanded for Dr. Cooke to review Plaintiff's treatment records from Pathways Inc. As the Defendant correctly points out, any medical evidence dated prior to Plaintiff's alleged onset date of June 15, 2001, is irrelevant. Further, any evidence collected prior to April 1999, the date Plaintiff filed a prior disability application, was already considered in connection with that claim. Res judicata precludes the ALJ from considering such evidence, in the absence of reopening Plaintiff's prior application. The ALJ did not indicate that he was reopening Plaintiff's prior application. As such, the Court finds that there was no need for Dr. Cooke to consider evidence dated before 1999, including any treatment records from Pathways, Inc, and the ALJ's failure to submit those additional medical records for Dr. Cooke's review does not constitute reversible error.

Finally, the regulations do not require the ALJ to recontact Dr. Cooke. Under the regulations, the Agency is required to recontact a medical source only if the evidence is inadequate to determine whether Plaintiff is disabled. See, 20 C.F.R. § 404.1512(e); SSR 96-5p; 61 Fed. Reg. 34,471 (1996). Additional evidence or clarification can be sought from a medical source when a medical report contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically

-10-

acceptable clinical and laboratory diagnostic techniques, See, 20 C.F.R. § 404.1512(e)(1). According to the Defendant, the ALJ did not need to recontact Dr. Cooke about a GAF score from another medical source because it was the ALJ's duty to weigh the evidence, resolve conflicts in the evidence, and determine whether Plaintiff was disabled. See, 20 C.F.R. § 404.1527(e) (issues of disability are reserved to the Commissioner). The Court agrees. The ALJ properly accorded weight to Dr. Cooke's opinion regarding Plaintiff's GAF, and it was not reversible error for the ALJ to decline to seek Dr. Cooke's opinion about another medical source's GAF score.

Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff was not disabled, and the ALJ's failure to consider additional medical records in determining Plaintiff's GAF and to allow Plaintiff's attorney to question Dr. Cooke about Plaintiff's GAF score from Pathways Inc. do not constitute reversible error.

As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 11th day of October, 2005.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE